## 9072

### WILBURN v. WHITMIRE *ET AL.*

(85 S. E. 485.)

WILLS. UNDUE INFLUENCE. ISSUES. EVIDENCE.

1. WILLS—ACTION TO PROVE WILL—DIRECTION OF VERDICT.—In an action to prove a will, where want of capacity and undue influence are alleged, a verdict may be directed upon either of such issues, where there is no testimony thereon.

2. WILLS—ACTION TO PROVE WILL—EVIDENCE.—In an action to prove a will, evidence that the executor, who was not a devisee, and his wife, who was a devisee, were financially worth more than the other devisees is inadmissible.

3. WILLS—ACTION TO PROVE WILL—UNDUE INFLUENCE—EVIDENCE.— Where defendants, in an action to prove a will, have charged undue influence, evidence that testatrix resided with the executor *held* admissible to show that she resided there because she had no other place to go, and not because he wanted to exert influence over her.

Before SHIPP, J., Union, February, 1914. Reversed.

Action by B. G. Wilburn, as executor of Sophronia Whitmire, against K. C. Whitmire and others. From a judgment setting aside the will, the executor appeals.

*Messrs. Wallace & Barron,* for appellant, submit: *Partial insanity not affecting the provisions of a will, does not invalidate it:* 40 Cyc. 1013; 15 S. C. L. 183; 12 S. C. Eq. 7; 50 S. C. 105; 49 S. C. 159. *Testimony shows no lack of testamentary capacity:* 49 S. C. 165. *As to undue influence:* 22 S. C. Eq. 53. *No presumption of either undue influence or fraud:* 29 A. & E. Enc. L. 120 and 124 to 127 (2d ed.); Jarman, Wills (5th ed.) 411; 40 Cyc. 1153; 29 S. C. 268; 36 S. C. L. 167; Cheves 37; 1 Spears 100. *Burden of proof:* 40 S. C. 106; 86 S. C. 477.

*Messrs. Sanders & DePass,* for respondents, submit: *This is a law case in which findings of fact cannot be reviewed:* 74 S. C. 189; 86 S. C. 470; 82 S. C. 40. *Questions as to capacity and undue influence are peculiarly for*

*the jury:* Rice 271.    *Court should not grope through mass of testimony to ascertain whether there is any to support the verdict:* 98 S. C. 454, 455.    *Rule 77 of Circuit Court:* 83 S. C. 276; 98 S. C. 87; 86 S. C. 540.    *Objections to testimony:* 67 S. C. 430.    *Circumstances raised presumption of undue influence:* 91 S. C. 487; 1 Bailey 92; 2 Rich. 236; *Id.* 232.

*Mr. John K. Hamlin,* also for respondent, submits: *Exceptions are insufficient in form:* 45 S. C. 495; 49 S. C. 285; *Id.* 355; 43 S. C. 99; 30 S. C. 170; 60 S. C. 530; 51 S. C. 306; 48 S. C. 312.    *Ground of objection to evidence not shown below:* 75 S. C. 74; 60 S. C. 9.    *Admission of testimony was harmless:* 78 S. C. 143; 72 S. C. 412; 43 S. C. 275.    *Capacity:* 71 S. C. 336; 20 S. C. 170; 41 S. C. L. 474; 28 S. C. L. 99; 24 S. C. L. 271; 29 S. C. L. 218; 1 S. C. L. 335.    *Confidential relationship of parties:* 89 S. C. 271; 61 S. C. 501; 82 S. C. 199; 85 S. C. 329; 82 S. E. 98; 46 S. C. L. 246.    *Relations of the half blood not necessary parties:* Civil Code, sec. 3579.    *Suit for entire class:* 13 S. C. 290; 4 S. C. 514; 16 S. C. 220; 17 S. C. 163; 30 S. C. 483; 76 S. C. 156; 84 S. C. 29.    *Showing as to interest:* 77 S. C. 410; 86 S. C. 470; 4 DeS. 422.    *Judgment binds privies:* 47 S. C. 243; 52 S. C. 166; Bailey Eq. 324; 10 S. C. 101; 13 S. C. 542.    *Jurisdiction of probate Court:* 4 Rich. Eq. 46; Civil Code, sec. 3601; 35 S. C. 456; 31 S. C. 7.    *As to charge:* 89 S. C. 271; 73 S. C. 236; 80 S. C. 531; 72 S. C. 1; 97 S. C. 153; 86 S. C. 232.    *As to undue influence:* 28 S. C. L. 104; 9 S. C. L. 231; 29 S. C. 218.    *Burden of proof:* 89 S. C. 272; 61 S. C. 501; 82 S. C. 63; 85 S. C. 329; 17 S. C. L. 92; 46 S. C. 246; 98 S. C. 407.

April 19, 1915.

The opinion of the Court was delivered by Mr. Justice Gage.

The issue in the Circuit Court was will or no will. It was tried before a jury, and the verdict was against the will, on two grounds: incapacity and undue influence. By the usual procedure theretofore had to prove the will in solemn form, the probate Court sustained the will. The cause was appealed to the Circuit Court and was retried there. The appeal here is by the proponent and executor of the will from the judgment of the Circuit Court.

The testatrix was Sophronia Whitmire, an unmarried woman 63 years of age, who resided at Cross Keys in Union county. She died in February, 1913. She left as her sole heirs at law two sisters and a brother, parties hereto. One sister, Mrs. Sarah M. Hill, lives in Florida, one sister, Mrs. B. G. Wilburn, lives in the vicinity of Cross Keys, and the brother, K. C. Whitmire, resided in the same vicinity, and had been an invalid for two years before the death of testatrix. The brother and Mrs. Hill are the contestants of the will. The jury found that the instrument had been signed by the testatrix in due form of law, but that the testatrix did not have sufficient capacity to make a will, and that the instrument was executed under undue influence. The verdict does not find by whom the influence was exercised, but there will be no denial that it was by the sister, Mrs. Wilburn, and her husband, the executor. The testatrix had a small estate; of it she devised her residence and 100 acres of land to her sister, Mrs. Wilburn; she devised 50 acres to a half-brother for his life, with remainder to Mrs. Wilburn; the balance of her land, it does not appear how much, she devised in fee to her brother, K. C. Whitmire, and her sister, Mrs. Hill; she made bequest of sundry articles of personal property to her other kin; the residue she devised to Mrs. Wilburn.

There are 20 exceptions. They consume 12 printed pages. Of them the first four relate to the admission of incompetent testimony; all the others relate to the charge and a refusal to set the verdict aside. Those which refer

to the charge are much too diffuse, and ought to have been compressed in half the space. It was conceded by the appellant at the bar in oral argument that the general charge of the Court was practically correct; but the complaint was the Court erred in ruling upon the defendants' request. There were 13 requests to charge preferred by the defendants. In every instance except two the requests were modified by added words of the Court. In the two instances named they were charged as written. The modification in more than one instance leaves somewhat in doubt what was the law declared. If there be error at all, it exists at that point. A half dozen of the requests are patently wrong. It would not be helpful or useful to critically consider the requests and their modifications. They embrace only five subjects: (1) Insanity; (2) undue influence; (3) unfairness of the will; (4) burden of proof of insanity; and (5) burden of proof of undue influence. On all these subjects the Court had, before the requests were taken up, briefly but plainly and correctly instructed the jury. While most of the requests were an incorrect statement of the law, yet the modifications of them by the Court and the general charge of the Court reasonably eliminated the errors in the requests.

We pass now to the Court's refusal to set the verdict aside because, as it is claimed, there was no testimony tending to prove either (1) incapacity or (2) undue influence. There was no request for direction of a verdict; a verdict, of course, should have been directed, even in a case of will or no will, had there been no testimony upon either of those issues. But as the will may have been avoided upon either one of the two grounds, then if there was no testimony upon the issue of insanity, the jury ought to have been directed on request to answer that issue, "Yes," and if there was no testimony upon the issue of undue influence, the jury ought to have been directed upon request to answer that issue, "No," or the Court might have

directed on one issue and sent the other issue to the jury. Though the request for direction was not proffered, and though error at that point may not now be charged, yet an examination of the testimony satisfies us that it was not a case for direction on either issue.

The only other question to be decided is whether or not incompetent and hurtful testimony was admitted. Of that we have no doubt, and for that reason the verdict must be set aside and a new trial had.

The defendants proffered testimony by more than one witness, by Betsill, by Estes, and by Browning, tending to show that K. C. Whitmire was worth only a couple of thousand dollars, and that Mr. and Mrs. Wilburn were worth more than $50,000. The worth of Mr. Wilburn was totally beside the question—he was not a devisee—and testimony about the worth of Mrs. Wilburn was altogether irrelevant and incompetent. The witnesses did not even say how much Mrs. Wilburn was worth independent of her husband, if anything.

The testatrix had the sole dominion of her property, and it was her exclusive right, and not the province of her neighbors, to direct how it should go after her death. One of the Judges put it in this fashion: "The right to make a will is especially valuable to the old and infirm." That was true in the Means case, and is true in this case.

It is now contended by respondents that they were forced to bring out that testimony in reply to testimony by the plaintiff that he kept the testatrix in his home when her other kin had not done so. The particular testimony of the plaintiff to which respondents' counsel pointed at the hearing was that given on the cross-examination by Bailey, a witness for the defendants, and it was this:

"Q. Where did Miss Whitmire live during her last sickness, during the last few months? A. With Mr. Wilburn. Q. Where did she stay up to that time? A. She had a

home. Q. She had certain families living there? A. She had families living in her house. Q. Did you ever hear of her living with her brother, Mr. Whitmire? A. No, sir. Q. How far from her brother? A. Just a mile."

The defendants had charged undue influence, and it was relevant and competent to prove by Bailey, on cross-examination, that the testatrix was at Wilburn's house because she had no other place to go, and not because Wilburn wanted her there to get what she had; and not because he was best able to keep her. His ability to care for her cast upon him no legal obligation to do so.

The respondents renewed the contention suggested by this testimony in their tenth request to charge, and both of the counsel for respondents referred in their printed briefs to the force of the testimony as a circumstance to impel the jury to invalidate the will. By parity of reasoning none of the estate of the testatrix ought to go to the Wilburns because they had no need of it. The circumstance of the unequal estates of the Wilburns and the two defendants, K. C. Whitmire and Mrs. Hill, if dwelt upon, was well calculated to influence a jury to exercise a power which did not belong to it, to set aside the will and to divide the estate of the dead sister, share and share alike, betwixt all her heirs at law.

Our opinion is that the judgment of the Circuit Court be set aside, and a new trial is ordered.